IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

GARY BREINER,                           :
                    Plaintiff,          :
          v.                            :  Civil Action No. 05-219J
MARTIN J. HORN, SECRETARY,              :
DEPARTMENT OF CORRECTIONS;              :
GERALD L. ROZUM, SUPERINTENDENT,        :
S.C.I. SOMERSET, FRED R. MAUE,          :
M.D., CHIEF OF CLINICAL                 :
SERVICES, and JOSEPH VISINSKY,          :
                    Defendants          :

## Report and Recommendation

### Recommendation

Pending is defendants' motion to dismiss, docket no. 10. I recommend it be granted in part and denied in part. In the meantime, the following discovery schedule is ordered:

1. Discovery shall completed by March 31, 2007;

2. Motions for summary judgment shall be filed on or before April 14, 2007;

3. Pretrial statements shall be filed after any dispositive motions are decided. If no motions for summary judgment are filed, the plaintiff's pretrial statement shall be filed on or before April 28, 2007; the defendants' pretrial statement shall be filed on or before May 14, 2007.

### Report

Plaintiff filed a complaint against the defendants listed above, alleging that he is being injured by substandard medical care provided by the Pennsylvania Department of Corrections. The plaintiff styled his complaint, docket no. 4, as being against both individuals and the job they held within the Department of

Corrections. For instance, Martin Horn is described as the defendant "Commonwealth of Pennsylvania Department of Corrections, Martin J. Horn, Secretary of Corrections," docket no. 4, Complaint, but the directions for service made it clear that the defendant to be served was Martin Horn. docket no. 7. The other defendants were similarly named, see docket no. 4, Complaint, compare docket no. 7, docket no. 8, and docket no. 9. I construe the complaint as against the four named individual defendants, Horn, Rozum, Maue, and Visinsky, in both their individual and official capacities.

The defendants move to dismiss the complaint on the grounds that they are not persons under 42 U.S.C.§ 1983 and federal jurisdiction over them is barred by the Eleventh Amendment. See docket no. 10 and docket no. 11. This is true of the claims against defendants Horn, Rozum, Maue, and Visinsky in their official capacities, and, if plaintiff intended to name the Commonwealth, the Department of Corrections, or the Medical Department as defendants, against them as well. First, a state and its agencies are not "persons" amenable to suit under 42 U.S.C.§ 1983. See Will v. Michigan Dept. of State Police, 491 U.S. 58 (1989). Second, the Eleventh Amendment forbids a federal court from exercising jurisdiction over a civil action against the Commonwealth or its branches, even if the complaint seeks equitable relief, see Edelman v. Jordan, 415 U.S. 651, 666-67 (1974), unless the defendant consents or Congress has exercised its limited power

2

under the Fourteenth Amendment, see Nevada Department of Human Resources v. Hibbs, 538 U.S. 721, 726-27 (2003), to confer such jurisdiction. Congress has not authorized suits against the Commonwealth or its branches or employees in their official capacities for denial of medical care in violation of the Eighth Amendment, and defendants clearly do not consent to this court's jurisdiction.

It is possible for a federal court to exercise jurisdiction over some claims against a state for injunctive relief (which plaintiff seeks) by employing the legal fiction associated with Ex parte Young, 209 U.S. 123 (1908), which provides "federal jurisdiction over a suit against a state official when that suit seeks only prospective injunctive relief in order to end a continuing violation of federal law," Seminole Tribe of Florida v. Florida, 517 U.S. 44, 73 (1996)(internal quotation omitted). Such a suit is against the state official in an individual capacity, not an official capacity, see Idaho v. Coeur d'Alene Tribe of Idaho, 521 U.S. 261, 269-70 (1997)(Ex parte Young doctrine does not extend even to all suits in which a state official is named in an individual capacity), because a suit against an state official in an official capacity is tantamount to a suit against the state or state agency itself. See Hafer v. Melo, 502 U.S. 21, 25 (1991). The claims must be dismissed against every defendant insofar as he is named in an official capacity.

3

This court does have jurisdiction over claims for damages and for injunctive relief against defendants Horn, Rozum, Maue, and Visinsky, who are also sued in their individual capacity. Defendants very summarily assert that plaintiff has not stated a claim against them. Although that summary assertion would be ordinarily be rejected, I am obliged by 28 U.S.C.§ 1915A to undertake an independent review of prisoner complaints which fail to state a claim. Reading the complaint with the leniency appropriate for pro se pleadings, it appears that plaintiff alleges that defendants Visinsky and Maue are refusing him what plaintiff alleges is necessary treatment. The evidentiary sufficiency of that claim must await testing in a summary judgment motion. As for defendants Warden Rozum and Secretary Horn, who are not medical personnel, there are no allegations sufficient to state a claim against them. They are not alleged to have had any part in plaintiff's medical care, and,

> [A]bsent a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner, a non-medical prison official ... will not be chargeable with the Eighth Amendment scienter requirement of deliberate indifference.

Spruill v. Gillis, 372 F.3d 218, 236 (3d Cir.2004). The claims against defendants Rozum and Horn in their individual capacities should be dismissed.

4

In summary, the complaint should be dismissed, except for the claims for damages and injunctive relief against defendants Visinsky and Maue.

Pursuant to 28 U.S.C.§ 636(b)(1), the parties are given notice that they have ten days to serve and file written objections to this Report and Recommendation.

DATE: 18 December 2006

Keith A. Pesto,
United States Magistrate Judge

Notice by ECF to counsel of record and by U.S. Mail to:

> Gary Breiner EW-7050
> S.C.I. Somerset
> 1600 Walters Mill Road
> Somerset, PA 15510