IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

GARY BREINER,                           :
          Plaintiff,                    :
     v.                                 :   Case No. 3:05-cv-219-KRG-KAP
MARTIN J. HORN, SECRETARY,              :
DEPARTMENT OF CORRECTIONS;              :
GERALD L. ROZUM, SUPERINTENDENT,        :
S.C.I. SOMERSET, FRED R. MAUE,          :
M.D., CHIEF OF CLINICAL                 :
SERVICES, and JOSEPH VISINSKY,          :
          Defendants                    :

MEMORANDUM ORDER

This matter was referred to Magistrate Judge Keith A. Pesto for pretrial proceedings in accordance with the Magistrates Act, 28 U.S.C.§ 636(b)(1), and subsections 3 and 4 of Local Rule 72.1 for Magistrate Judges.

On December 18, 2006, the Magistrate Judge filed a Report and Recommendation, docket no. 14, recommending that the defendants' motion to dismiss, docket no. 10, be granted in part and denied in part.

The parties were notified that pursuant to 28 U.S.C.§ 636(b)(1), they had ten days to serve and file written objections to the Report and Recommendation.  Plaintiff filed timely objections, docket no. 15, which I have reviewed and reject as meritless.  Plaintiff states that he "is adamant" that defendant Rozum had knowledge of the substantial risk of serious harm to plaintiff, because plaintiff submitted grievances about his medical care.  docket no. 15 at 6-7.  Plaintiff confuses knowledge of plaintiff's grievance claiming serious medical needs (what the

complaint alleges) with knowledge of those needs themselves (what Farmer v. Brennan requires). Absent knowledge or a reason to believe that a prisoner is not being treated properly by the medical staff, a member of the prison administration who is not in the medical department cannot be deliberately indifferent to an inmate's medical needs. Spruill v. Gillis, 372 F.3d 218, 236 (3d Cir.2004). Although in ruling on a motion to dismiss the court is required to accept the allegations of the complaint as true, that procedural rule does not apply to the warden's consideration of an inmate's grievance: the warden is not required, at the risk of being dragged into an Eighth Amendment suit, to believe an inmate when he alleges he is being mistreated.

After de novo review of the record of this matter together with the Report and Recommendation and the objections thereto, the following order is entered:

AND NOW, this 4th day of January, 2007, it is

ORDERED that defendants' motion to dismiss, docket no. 10, is granted in part and denied in part as set forth in the Report and Recommendation, which as supplemented by this Memorandum Order is adopted as the Opinion of the Court.

BY THE COURT:

KIM R. GIBSON,
UNITED STATES DISTRICT JUDGE

Notice by ECF to counsel of record and by U.S. Mail to:

        Gary Breiner EW-7050
        S.C.I. Somerset
        1600 Walters Mill Road
        Somerset, PA 15510