IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

GARY BREINER,
    Plaintiff,
    v.                                    Case No. 3:05-cv-219-KRG-KAP
MARTIN J. HORN, SECRETARY,
DEPARTMENT OF CORRECTIONS;
GERALD L. ROZUM, SUPERINTENDENT,
S.C.I. SOMERSET, FRED R. MAUE,
M.D., CHIEF OF CLINICAL
SERVICES, and JOSEPH VISINSKY,
CHIEF HEALTH CARE ADMINISTRATOR,
    Defendants

## Report and Recommendation

### Recommendation

The remaining defendants, Maue and Visinsky, have filed a motion for summary judgment, docket no. 22. I recommend that it be granted.

### Report

Plaintiff is a man in his 50s serving a lengthy prison sentence at S.C.I. Somerset in the custody of the Pennsylvania Department of Corrections. In 2002, plaintiff had surgery for cancer at the Somerset Hospital, followed by chemotherapy and radiation treatments. In the course of plaintiff's treatments, which included a tonsillectomy, plaintiff had a gastrostomy to insert a feeding tube. When the feeding tube was removed, plaintiff asserts, the incision did not close properly and was the site of continual bleeding, draining of body fluids, and pain. Plaintiff filed a complaint in April 2005, alleging that the defendants had delayed or denied necessary medical care for this problem. After a motion to dismiss led to the dismissal of the

defendants not involved in medical care decisions, discovery proceeded on the claim against Fred Maue, M.D., the Pennsylvania Department of Corrections' Chief of Clinical Services, and Joseph Visinsky, the Chief Health Care Administrator at S.C.I. Somerset. Defendants filed a motion for summary judgment, docket no. 22, alleging that because Maue is not even alleged to have any personal involvement in plaintiff's health care, and Visinsky is only alleged to have denied plaintiff's grievances about his medical care, there is no genuine issue of fact that would show they could be found to have been deliberately indifferent to plaintiff's serious medical needs.

Prison inmates have a constitutional right that prison officials not be deliberately indifferent to their serious medical conditions. See Estelle v. Gamble, 429 U.S. 97, 105 n.10 (1976) There is no contest about the serious nature of plaintiff's medical needs, but to present a genuine issue of fact worth a trial plaintiff must also submit some competent evidence of a culpable state of mind on the part of defendants, and evidence that the defendants' indifference, and not some other factor, has caused him harm. The Supreme Court has defined deliberate indifference for purposes of Eighth Amendment claims:

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a

substantial risk of serious harm exists, and he must also draw the inference.

Farmer v. Brennan, 511 U.S. 825, 837 (1994).

The evidence shows that plaintiff complained in July and August 2004 that his gastrostomy site was not healing properly. on August 19, 2004, Visinsky wrote that plaintiff was being seen daily to have his dressings changed. docket no. 22-2 at 11. Plaintiff objected (in an appeal of a denial of a grievance) on August 20, 2004, that having his dressings changed was not adequate and that he should be seen by a oncologist or surgeon. docket no. 22-2 at 14. An evaluation not of record was done by a Doctor Snyder, who apparently recommended surgical consultation, and on October 6, 2004, Maue wrote that plaintiff would be referred for a surgical consult. docket no. 22-2 at 16. Plaintiff saw a surgeon for a consultation in October 2004. docket no. 22-2 at 19. This led to surgery being performed at the Somerset Hospital by Peter Go, M.D., on January 10, 2005. docket no. 22-2 at 24-25. That surgery was considered unsuccessful and Doctor Go performed a second surgical procedure on June 2, 2005. docket no. 22-2 at 27.

Plaintiff admits all of the above. See docket no. 24, Defendants' Statement of Facts at ¶¶ 13-20, compare docket no. 32, Plaintiff's Response to Defendants' Statement of Facts at ¶¶ 13-20. Plaintiff does not allege any remaining complications after Doctor Go's second surgical procedure. Plaintiff nevertheless contends

3

that his health care was not just inadequate, but an infliction of cruel and unusual punishment in violation of the Eighth Amendment.

Assuming that plaintiff's opinion were enough to create an issue of fact about whether plaintiff's health care was inadequate, to show deliberate indifference plaintiff must produce either direct evidence that defendants actually were conscious of the inadequacy of his health care or circumstantial evidence that the inadequacy of his health care was so obvious that a reasonable person could conclude defendants were aware of it. Woloszyn v. County of Lawrence, 396 F.3d 314, 321 (3d Cir.2005)(affirming summary judgment to prison in suicide of pretrial detainee). Plaintiff offers no direct evidence, and plaintiff himself is not competent to offer an expert opinion on the urgency of his condition, or on the proper standard of care for ostomy sites, or on the issue of causation of damages. The law is settled that unless a medical "matter ... is so simple, and the lack of skill or want of care so obvious as to be within the range of ordinary experience and comprehension of even nonprofessional persons," expert testimony is necessary to establish both the lapse in meeting the standard of care (in this case deliberate indifference) and the causation of injury. See Brannan v. Lankanau Hospital, 490 Pa. 588, 417 A. 2d 196, 201 (1980), quoting Chandler v. Cook, 438 Pa. 447, 451, 265 A.2d 794 (1970); Geibel v. United States, 667 F. Supp. 215, 219 (W.D.Pa.1987), aff'd, 845 F.2d 1011 (3d Cir.1988).

There are some claims where no expert testimony is needed. See Estelle v. Gamble 429 U.S. at 104 n.10; Bushman v. Halm, 798 F.2d 651, 658-59 (3d Cir.1986)(FTCA claim). But because the correct medical treatment in the present case is not obvious, plaintiff's lack of expert testimony on the standard of care is fatal to his claim. The same is true for the element of causation. In Oliver v. Deen, 77 F.3d 156, 160 (7th Cir.1996), an appellate panel affirmed the grant of summary judgment to prison officials on an inmate's claim that defendants' history of celling him with smokers had caused him asthmatic distress, observing that the inmate's evidence of causation was insufficient. Like Oliver, plaintiff has no evidence that the defendants caused him any injury. Summary judgment must be entered for the defendants.

Pursuant to 28 U.S.C.§ 636(b)(1), the parties are given notice that they have ten days to serve and file written objections to this Report and Recommendation.

DATE: March 10, 2008

Keith A. Pesto,
United States Magistrate Judge

Notice by ECF to counsel of record and by U.S. Mail to:

Gary Breiner EW-7050
S.C.I. Somerset
1600 Walters Mill Road
Somerset, PA 15510